UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-mj-347 |
| | : | |
| BRADY KNOWLTON, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO REQUIRE THAT EVIDENCE OF INNOCENCE BE PRODUCED AND PRESENTED TO THE GRAND JURY OR, IN THE ALTERNATIVE, THAT THE GRAND JURY BE ADVISED THAT EXCULPATORY EVIDENCE IS AVAILABLE ON REQUEST**

The United States of America hereby respectfully opposes defendant Brady Knowlton's invitation to the Court to intrude into the inner workings of an ongoing Grand Jury. In his motion (ECF 12), the defendant requests that the Court tell the grand jury that he has waived his right to a preliminary hearing and his right to have an information or indictment filed within the statutory time period and order the government to produce for the Grand Jury video footage or other evidence in the Government's possession that demonstrates the defendant's alleged innocence. There is no support for defendant's novel request. The government is aware of its obligations regarding the functioning of the Grand Jury and we assure the Court that we will carefully and diligently comply with all our obligations in this case.

As the Court undoubtedly is aware, "the grand jury generally operates without the interference of a presiding judge." *United States v. Williams*, 504 U.S. 36, 48 (1992). Further, it is axiomatic that there is no legal requirement to provide exculpatory evidence to a Grand Jury. *See id.* at 51 (holding that a suspect under investigation by the grand jury does not have a right to have exculpatory evidence presented). The defendant points to internal Department of Justice policy to support his argument that the Court should order the government to introduce

unspecified evidence of "total innocence that exists in this case." *See* Def. Mot. at 3-4 (citing Department of Justice, Justice Manual, Section 9-11.233). But Department of Justice internal policy regarding the presentation of exculpatory evidence to a grand jury affords defendants no enforceable rights, much less the authority to assert prospective control over the presentation of evidence to a grand jury. *See United States v. Jarrett*, 447 F.3d 520, 529 (7th Cir. 2006) ("Case law, not internal handbooks, provides the guidance for whether a prosecutor has crossed the line in pursuing an indictment."); *accord United States v. Caceres*, 400 U.S. 741, 755-56 (1979) (holding that failure of law enforcement agent to follow internal guidelines does not give rise to an enforceable right). In any event, the government understands its obligations, takes those obligations seriously, and will comply with all its obligations in this matter.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: \_\_\_\_\_/s/_____
ELIZABETH C. KELLEY
Assistant United States Attorney
Bar No. 1005031
555 Fourth Street, N.W.
Washington, DC  20530
Elizabeth.Kelley@usdoj.gov
(202) 252-7238